UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY T. ALLEN,<br><br>                     Plaintiff,<br><br>vs.<br><br>RANDALL L. VALLEY, et al.<br><br>                     Defendants. | Case No. 1:22-cv-00401-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

On September 21, 2022, the Complaint of Plaintiff Zachary T. Allen was conditionally filed by the Clerk of Court due to Plaintiff's status as a prisoner and pauper. Dkt. 1. All conditionally-filed prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A.

The Prison Litigation Reform Act of 1995 introduced the "three strikes" provision to address the growing trend of frivolous civil rights actions filed by prison inmates. *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996). This provision prohibits a prisoner from filing lawsuits or appeals in forma pauperis if he previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he

appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such

danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this

action, he brought at least three civil actions that were dismissed as frivolous, as malicious,

or for failure to state a claim:

- *Allen v. Hummer*, Case No. 1:20-cv-00084-BLW (D. Idaho June 16, 2020) (dismissed as malicious);

- *Allen v. Tewalt*, Case No. 1:20-cv-00145-BLW (D. Idaho June 16, 2020) (dismissed as malicious); and

- *Allen v. Chappa*, Case No. 1:20-cv-00200-DCN (D. Idaho Aug. 18, 2020) (dismissed for failure to state a claim (no injunctive relief requested, no claims sounding in habeas), *see Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056–57 (9th Cir. 2016)).

As a result of these cases, the Court concludes that, Plaintiff has three strikes under 28

U.S.C. § 1915(g).

In the instant action, Plaintiff asserts that, state actors have wrongfully confiscated

various personal property items, such as headphones, colored pencils, crayons, pencil

sharpeners, pens, shorts, Reebok shoes, a radio, and hobby craft glue. Plaintiff's allegations

do not show that he is at risk of "imminent danger of serious physical injury" in prison if

he is not permitted to proceed in forma pauperis. Therefore, Plaintiff will be required to

pay the filing fee of $402.00 if he desires to proceed with his lawsuit.

## ORDER

### IT IS ORDERED:

1.      Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 2) is DENIED

because Plaintiff has three strikes and he has not met the exception for application of 28 U.S.C. § 1915(g).

2.  **Within 28 days** after entry of this Order, Plaintiff must pay the filing fee of $402.00. If Plaintiff does not do so, this case will be dismissed without further notice.

DATED: January 11, 2023

David C. Nye
Chief U.S. District Court Judge